## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SCOTT MCCRAY,
               Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
CH-1221-16-0553-W-1

DATE: July 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Scott McCray, Milwaukee, Wisconsin, pro se.

Erin Buck Kaiser, Esquire, Milwaukee, Wisconsin, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was a GS-11 Social Science Program Specialist for the agency.  Initial Appeal File (IAF), Tab 9 at 46.  The appellant filed an IRA appeal, arguing that the agency took the following actions against him in retaliation for protected disclosures:  (1) his supervisor ordered him to attend weekly staff meetings run by the Mental Health Intensive Care Management (MHICM) Program Director, even though the appellant had previously been excused from attending those meetings due to an equal employment opportunity (EEO) complaint that he had filed against the Program Director; (2) during a meeting, the Medical Center Director verbally threatened, humiliated, and belittled the appellant; and (3) after the appellant filed an internal whistleblower complaint, the Medical Center Director told the Administrative Investigation Board (AIB) investigating that complaint that the appellant was a chronic complainer, a disgruntled employee, and a liar.  IAF, Tab 1 at 11-12, Tab 21 at 3.  The administrative judge thus found that the appellant established jurisdiction over his appeal.  IAF, Tab 11 at 4-6.

¶3      After a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action.  IAF, Tab 28, Initial Decision (ID).  The administrative judge found that none of the three actions listed above, either alone or together, constituted personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A).  ID at 9-16.

¶4      The appellant has filed a petition for review, contesting the administrative judge's analysis and arguing that the administrative judge was biased.  Petition for Review (PFR) File, Tab 1.  The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response.  PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      When reviewing the merits of an IRA appeal,[2] the Board must determine whether the appellant has established by preponderant evidence that he made a protected disclosure that was a contributing factor in the agency's decision to take or fail to take a personnel action.  *E.g.*, *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 10 (2014).  A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  *Id.*  If the appellant meets that burden, the Board must order corrective action unless the agency can establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure.  *Id.*

The appellant established that he made a protected disclosure.

¶6      The administrative judge found that the appellant established by preponderant evidence that he made a protected disclosure evidencing several

---

[2] The administrative judge found that the appellant established jurisdiction over this IRA appeal.  IAF, Tab 11 at 4-6.  Neither party challenges this finding on review, and we discern no basis to disturb it.

categories of misconduct. ID at 9. Specifically, the administrative judge found that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by that individual could reasonably conclude that the agency's actions evidenced at least one of the categories of misconduct under 5 U.S.C. § 2302(b)(8)(ii). *Id.* Neither party challenges this determination on review, and we discern no reason to upset this finding.

The appellant is not entitled to corrective action because he failed to establish by preponderant evidence that he suffered a covered personnel action.

¶7        In his petition for review, the appellant challenges the administrative judge's finding that he failed to establish that the agency subjected him to a personnel action. PFR File, Tab 1 at 4-7. He asserts that the administrative judge overlooked and misinterpreted a number of unspecified factors and recounts the three incidents he claims are personnel actions, arguing that the incidents demonstrate that the agency subjected him to a hostile work environment in reprisal for his protected disclosures. *Id.*

¶8        Under the Whistleblower Protection Act (WPA),[3] a "personnel action" is defined to include, among other enumerated actions, "any other significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii). The legislative history of the 1994 amendment to the WPA indicates that "any other significant change in duties, responsibilities, or working conditions" should be interpreted broadly, to include "any harassment or discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system and should be determined on a case-by-case basis." 130 Cong. Rec. H11,419, H11,421 (daily ed. Oct. 7, 1994) (statement of

---

[3] The WPA has been amended several times, including by the Whistleblower Protection Enhancement Act. The references herein to the WPA include those amendments. As to the relevant legislation enacted during the pendency of this appeal, we have concluded that it does not affect the outcome of the appeal.

Rep. McCloskey); *see Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 14.

¶9      However, notwithstanding the broad interpretation accorded to the term "significant change in duties, responsibilities, or working conditions," not every agency action is a "personnel action" under the WPA. *Skarada*, 2022 MSPB 17, ¶ 15 (citing *King v. Department of Health and Human Services*, 133 F.3d 1450, 1452-53 (Fed. Cir. 1998)). Rather, an agency action must have practical consequences for the employee to constitute a personnel action. *Id.* In determining whether an appellant has suffered a "significant change" in his duties, responsibilities, or working conditions, the Board must consider the alleged agency actions both collectively and individually. *Id.*, ¶ 16 (citing *Holderfield v. Merit Systems Protection Board*, 326 F.3d 1207, 1209 (Fed. Cir. 2003)); *see Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 955-56 (Fed. Cir. 2020). In sum, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada*, 2022 MSPB 17, ¶ 16. As such, a number of agency actions may be covered thereunder collectively, even if they are not covered personnel actions individually, if, together, those actions are sufficiently severe or pervasive to significantly impact the appellant's working conditions. *Id.*, ¶¶ 16, 18, 29.

¶10      The appellant alleged that, as a result of his protected disclosures, his chain of command subjected him to a hostile work environment, i.e., subjected him to harassment that constituted a significant change in his working conditions. IAF, Tab 1 at 11-12, Tab 21 at 3. The administrative judge analyzed three specific incidents that the appellant alleged were personnel actions that demonstrate a hostile work environment, none of which she found sufficient to carry the appellant's burden. ID at 9-16. Specifically, the administrative judge found that the 30-minute long June 30, 2015 meeting, in which the former Medical Center

Director discussed the results of an investigation into the appellant's allegations with him, was not a personnel action. ID at 10-12. The administrative judge further found that the presence of a third-party observer at those meetings as a note taker was not only common practice, but also was a reasonable measure under the circumstances, considering that the results of the investigation were inconsistent with the appellant's allegations. ID at 11. Based on the testimony of all three participants as to what transpired in the meeting, the administrative judge found that the meeting itself, as well as the conduct of the appellant's supervisor therein, fell short of being a personnel action. ID at 11-12. We agree.

¶11    Concerning the appellant's contention that the former Medical Center Director called him a chronic complainer, a disgruntled employee, and a liar in his testimony before the AIB, the administrative judge noted the former Director's admission that he had described the appellant in that way. ID at 12. However, the administrative judge also found that the former Director credibly testified that he had not intended to belittle or insult the appellant, but rather to testify truthfully before the AIB, and that such testimony is not a personnel action. *Id.* Regarding the appellant's attendance at the weekly MHICM Program staff meeting, the administrative judge found, based on the testimony before her, that all MHICM Program employees were expected to attend the 1-hour weekly staff meeting, that excusing the appellant from attending them was intended as a temporary accommodation while the agency investigated his December 2013 EEO complaint, and that, after the agency issued its final decision on that complaint, the appellant's former supervisor began to ask when he would resume attending the weekly staff meeting. ID at 12-13. The administrative judge found that doing so did not constitute a personnel action, nor did it demonstrate a hostile work environment, because the appellant did not present evidence of any behavior therein so pervasive that it objectively could be considered a change in working conditions. ID at 12-14. While the administrative judge generally credited the appellant's testimony that the meetings were stressful, in large part due to the

presence of his former supervisor, the administrative judge found no evidence in the record to indicate that the former supervisor, who participated in the meetings by telephone, had engaged in conduct that would give rise to a hostile work environment. ID at 15. Instead, she found that the appellant generally tended "to exaggerate and to interpret routine events negatively" and commented that his "heightened sensitivity" did not convert an otherwise ordinary work environment into a hostile one.[4] *Id.*

¶12      We agree with the administrative judge that these three incidents individually do not comprise a personnel action under 5 U.S.C. § 2302(a)(2)(A). ID at 9-16. Nor do we find that these incidents collectively had such a practical and significant effect on the overall nature and quality of the appellant's working conditions, duties, or responsibilities as to constitute a personnel action covered by section 2302(a)(2)(A)(xii). *See Sistek*, 955 F.3d at 955-56 (finding that the agency's investigation of the appellant was routine and did not, either on its own or as part of a broader set of circumstances, rise to the level of a significant change in working conditions); *Holderfield*, 326 F.3d at 1209 (suggesting that a number of minor agency actions relating to an appellant's working conditions may amount to a covered personnel action under section 2302(a)(2)(A)(xii) collectively, even if they are not covered personnel actions individually). Based

---

[4] The appellant argued, in part based on these statements, that the administrative judge was biased against him, contending that her statements to him were "harsh, arbitrary, untrue, and not supported by evidence." PFR File, Tab 1. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Moreover, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Our review of the hearing transcript does not reveal any such conduct on the administrative judge's part, and on that basis, we find that the appellant's allegations fail to overcome the presumption and do not meet the high standard required to demonstrate bias.

on the consistent testimony of the participants as to what transpired in the 30-minute meeting that the former Medical Center Director called to review the results of the agency's investigation into the appellant's allegations, the administrative judge found that, despite the appellant's frustration with the results of the investigation, it fell far short of evincing a personnel action. ID at 11-12. The administrative judge determined that the former Medical Director's testimony before the AIB, however frank, was what the Director believed to be the truth, and thus was not a personnel action.[5] ID at 12. Similarly, the administrative judge found that requiring the appellant to attend the 1-hour weekly MHICM Program staff meeting, despite the stress and anxiety it caused him, did not evidence the kind of pervasive and severe behavior that could objectively be considered a change in working conditions sufficient to constitute a hostile work environment. ID at 14.

¶13      The Board will not overturn an administrative judge's demeanor-based credibility findings merely on the basis of a disagreement with those findings. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372 (Fed. Cir. 2016). The issue of credibility is necessarily intertwined with the administrative judge's findings concerning the seriousness of the incidents involved here, and, as such, those findings deserve deference. *Id.* at 1372-73. Because the appellant has identified no sufficiently sound reason to overturn the administrative judge's findings, we deny his petition for review. The appellant's allegations, collectively and individually, although indicative of an unpleasant and contentious work environment, do not establish that he suffered a significant change in his working conditions under the WPA. *See Skarada*, 2022 MSPB 17, ¶ 29 (finding that the appellant's allegations, collectively and individually,

---

[5] Regardless of whether such statements could constitute evidence of retaliatory animus for the appellant's whistleblowing activity, in the absence of a personnel action under 5 U.S.C. § 2302(a)(2)(A), no prohibited personnel practice occurred. *See Shivley v. Department of the Army*, 59 M.S.P.R. 531, 536 (1993).

although indicative of an unpleasant and unsupportive work environment, did not establish that he suffered a significant change in his working conditions under the WPA).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                           _____
                                           Jennifer Everling
                                           Acting Clerk of the Board
Washington, D.C.